# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| SHIRLEY WARE | § § § | |
| | § | CASE NUMBER: |
| V. | § § | |
| | § | |
| | § | **DEMAND FOR JURY TRIAL** |
| INVESTMENT RETRIEVERS, INC., | § | |
| PAUL JALBERT and | § | |
| JUSTIN LANE | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

### Preliminary Statement

1. Plaintiff, Shirley Ware, bring this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA"), as well as under the Texas Debt Collection Act, Tex. Finance Code § 392.001, *et seq.* ("TDCA") and the Texas Deceptive Trade Practices Act, Subchapter E, Chapter 17, Business & Commerce Code ("DTPA"), to obtain statutory damages, injunctive relief, declaratory relief, and other relief for the Defendants' violations of the FDCPA, the TDCA and the DTPA.

2. Defendant, Investment Retrievers, Inc. ("Retrievers") attempted to collect a consumer debt ("Debt") allegedly owed by Plaintiff, arising from a purported obligation to Household Auto. The obligation ("Debt") required Plaintiffs to pay money arising out of transactions in which money, property, insurance, or services were the subject thereof and the same were primarily for personal, family, or household purposes.

3. Defendant, Paul Jalbert ("Jalbert"), upon information and belief, attempted to collect a consumer debt ("Debt") allegedly owed by Plaintiff, arising from a purported

obligation to Household Auto. The obligation ("Debt") required Plaintiff to pay money arising out of transactions in which money, property, insurance, or services were the subject thereof and the same were primarily for personal, family, or household purposes. Jalbert may be served by serving him in person at his place of employment, Investment Retrievers, Inc., 4511 Golden Foothill Parkway #3, El Dorado Hills, California 95762 or any other place he may be found.

4.      Defendant, Justin Lane ("Lane"), upon information and belief, attempted to collect a consumer debt ("Debt") allegedly owed by Plaintiff, arising from a purported obligation to Household Auto. The obligation ("Debt") required Plaintiff to pay money arising out of transactions in which money, property, insurance, or services were the subject thereof and the same were primarily for personal, family, or household purposes. Lane may be served by serving him in person at his place of employment, Investment Retrievers, Inc., 4511 Golden Foothill Parkway #3, El Dorado Hills, California 95762 or any other place he may be found.

**JURISDICTION AND VENUE**

5.      This is an action under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et. seq.* to secure permanent injunctive relief and other equitable relief, including rescission, restitution, and disgorgement, against defendants for engaging in unfair or deceptive acts or practices in violation of the FDCPA, 15 U.S.C. § 1692.

6.      This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §1331, 1337(a), and 1367.

7.      Venue is proper in the United States District Court because the acts and transactions occurred here and the Defendants transact business here.

## DEFINITIONS

8. As used in reference to the FDCPA, the terms "creditor," "debt," and "debt collector" are defined in § 803 of the FDCPA, 15 U.S.C. § 1692a and 15 U.S.C. § 1692j(a) and (b).

## THE PARTIES

9. The FDCPA, 15 U.S.C. § 1692 which prohibits certain debt collection practices provides for the initiation of court proceedings to enjoin violations of the FDCPA and to secure such equitable relief as may be appropriate in each case.

10. Defendant, Retrievers, is a collection agency based in El Dorado Hills, California and is in the business of collecting consumer debt. Retrievers is engaged in the business of collecting consumer debts in the Southern District of Texas. The principal purpose of Retrievers' business is the collection of consumer debts using the mail, telephone, and regularly attempts to collect consumer debts for others. Retrievers is a "debt collector" as defined by 15 U.S.C. § 1692a(6) and Tex. Finance Code § 392.001(6). Retrievers is also a "third-party debt collector" as defined by Tex. Finance Code § 392.001(7).

11. Defendant, Paul Jalbert, upon information and belief, is an employee of Investment Retrievers, Inc., a collection agency based in El Dorado Hills, California and they are in the business of collecting consumer debt. Defendant, Jalbert, upon information and belief, is engaged in the business of collecting consumer debts in the Southern District of Texas. Upon information and belief, the principal means of Defendant, Jalbert, method of collecting consumer debts by using the mail and telephone, and they regularly attempt to collect consumer debts for others. Defendant, Jalbert, is a "debt collectors" as defined by 15 U.S.C. § 1692a(6) and Tex. Finance Code §

392.001(6). Defendant, Jalbert, is also a "third-party debt collector" as defined by Tex. Finance Code § 392.001(7).

12. Defendant, Justin Lane, upon information and belief, is an employee of Investment Retrievers, Inc., a collection agency based in El Dorado Hills, California and they are in the business of collecting consumer debt. Defendant, Lane, upon information and belief, is engaged in the business of collecting consumer debts in the Southern District of Texas. Upon information and belief, the principal means of Defendant, Lane, method of collecting consumer debts by using the mail and telephone, and they regularly attempt to collect consumer debts for others. Defendant, Lane, is a "debt collectors" as defined by 15 U.S.C. § 1692a(6) and Tex. Finance Code § 392.001(6). Defendant, Lane, is also a "third-party debt collector" as defined by Tex. Finance Code § 392.001(7).

13. Plaintiff, Shirley Ware, is an individual who reside in Harris County, Texas and is a consumers as defined by the FDCPA.

## FACTUAL ALLEGATIONS

14. On or about April 2, 2009, Defendant Retrievers filed a lawsuit against Plaintiff in the County Court at Law Number 1, Harris County, Texas in cause number 937,736.

15. On or about June 5, 2009, Plaintiff was purportedly served with the citation for the state court action.

16. On or about July 17, 2009, Defendant Retrievers was granted a default judgment.

17. On or about October 22, 2009, Defendant Retrievers filed a writ of garnishment.

18.     Plaintiff, Shirley Ware, retained the Heston Law Firm, PC on or about December 28, 2009 in connection with the writ of garnishment and the debt in general.

19.     On or about December 29, 2009, an employee of the Heston Law Firm, PC, by the name of Eddie Noriega, contacted the Defendant Retrievers and advised them that the Plaintiff had retained counsel in connection with the debt they were attempting to collect.

20.     On or about December 29, 2009, Eddie Noriega requested, from the Defendant Retrievers, a copy of the judgment that was award in the state court case.

21.     On or about December 29, 2009, Defendant, Justin Lane, emailed Eddie Noriega an unsigned default judgment and represented that, that was the judgment that was awarded in the state court case.  The email and the unsigned default judgment are attached hereto as Exhibits "A" and "B" respectively and are incorporated hereto as if copied word for word verbatim.

22.     On or about December 30, 3009, Defendant, Paul Jalbert, emailed Eddie Noriega and stated in the email the following:

> "As we discussed, please notify Ms. Ware, *we will be* faxing Demand to her mortgage lender, Citimortgage, Inc., and/or it's Title Co.,  for full payoff of the Judgment amount, based on potential "title flaw";  if she does file Bankruptcy, we will obviously have to bring this $101.5K loan from 12/2008 to the attention of the Trustee, for full accounting of disbursement of these funds."
> ***Emphasis added***

The email is attached hereto as Exhibit "C" and is incorporated hereto as if copied word for word verbatim.

23.     On or about January 4, 2010, Eddie Noriega obtained a copy of the actual signed default judgment in the state court case.  Several items contained in the default judgment were struck by the judge.  The signed default judgment is attached hereto as Exhibit "D" and is incorporated hereto as if copied word for word verbatim.

24. The foregoing acts and omissions of the Defendants were undertaken by each of them willfully, intentionally, knowingly, and/or in gross disregard of the rights of the Plaintiffs.

25. The foregoing acts and omissions of the Defendants were undertaken by each of them indiscriminately and persistently, as part of their regular and routine collection efforts, and without regard to or consideration of the identity or rights of the Plaintiff.

26. As a proximate result of the foregoing act and omissions of the Defendants, Plaintiff was forced to retain legal counsel to defend her interests in the garnishment proceeding and has suffered actual damages in the amount of attorney's fees paid to counsel for said defense in the amount of $2,500.00.  Additionally, Plaintiff has suffered actual damages and injury, including but not limited to, stress, humiliation, mental anguish and suffering, and emotional distress, for which Plaintiff should be compensated in an amount to be proven at trial.

27. All of Defendants' actions occurred within one year of the date of this Complaint.  Moreover, the actions made by Defendants in their collection attempts are to be interpreted under the "unsophisticated consumer" standard.  (See, Bartlett v. Heibl, 128 F3d. 497, 500 (7th Cir. 1997); Chauncey v. JDR, 118 F.3d 516, 519 (7th Cir. 1997); Avila v. Rubin, 84 F.3d 222, 226 (7th Cir. 1996); and Gammon v. GC Services, LTD. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

## COUNT I
### Violation Of § 1692e Of The FDCPA – Misrepresenting the Judgment

28. The Plaintiff repeats, realleges, and incorporates by reference the foregoing paragraph.

29. Section 1692e of the FDCPA generally prohibits a debt collector from using "[a]ny false, deceptive, or misleading representation or means in connection with the collection of any debt." More specifically 1692e(2) of the FDCPA prohibits the false and misleading representation of the "Character, amount, or legal status of the alleged debt."

30. Defendant Retrievers and Defendant Lane act of providing an unsigned copy of a default judgment and representing that it was in fact the judgment that was signed is misleading, false and is an unlawful action, which thus violates § 1692e of the FDCPA and many other sections of the FDCPA.

31. Defendants' violations of § 1692e of the FDCPA renders them liable for damages, costs, and reasonable attorneys' fees. (See, 15 U.S.C. § 1692k).

**COUNT II**
**Violation Of § 1692e Of The FDCPA –**
**Threatening to Send Demand to Mortgage Company and Title Company**

32. The Plaintiff repeats, realleges, and incorporates by reference the foregoing paragraph.

33. Section 1692e of the FDCPA generally prohibits a debt collector from using "[a]ny false, deceptive, or misleading representation or means in connection with the collection of any debt." More specifically 1692e(5) of the FDCPA prohibits "The threat to take any action that cannot legally be taken or that is not intended to be taken or actions that are unlawful."

34. Defendant Retriever's and Defendant Jalbert's threat of sending a demand to Plaintiff's mortgage company and title company demanding a full payoff of the judgment is an unlawful action, which thus violates § 1692e of the FDCPA and many other sections of the FDCPA.

35.     Defendants' violations of § 1692e of the FDCPA renders them liable for damages, costs, and reasonable attorneys' fees.  (See, 15 U.S.C. § 1692k).

## COUNT III
## Violation Of § 1692c(b) Of The FDCPA –
## Threatening to Send Demand to Mortgage Company and Title Company

36.     The Plaintiff repeats, realleges, and incorporates by reference the foregoing paragraph.

37.     Section 1692c(b) of the FDCPA prohibits a debt collector from communicating "With anyone except the consumer, the consumer's attorney, or a credit bureau concerning the debt"

38.     Defendant Retriever's and Defendant Jalbert's threat of sending a demand to Plaintiff's mortgage company and title company demanding a full payoff of the judgment is an unlawful action in that they threatened to disclose to a third party the fact that Plaintiff owed a debt, which thus violates § 1692c(b) of the FDCPA and many other sections of the FDCPA.

39.     Defendant's violations of § 1692c of the FDCPA renders them liable for damages, costs, and reasonable attorneys' fees.  (See, 15 U.S.C. § 1692k).

## COUNT IV
## Violations of the Texas Debt Collection Act
## Specifically, Violation of Tex. Fin. Code § 392.303(a)(2)

40.     The Plaintiff repeats, realleges, and incorporates by reference the foregoing paragraphs.

41. Defendant Retriever and Defendant Lane violated the TDCA by providing an unsigned copy of a default judgment and representing that it was in fact the judgment that was signed.

42. Under Tex. Fin. Code Ann. § 392.403, the Defendants' violations of the TDCA render it liable to Plaintiff for statutory damages, actual damages, injunctive relief, declaratory relief, costs, and reasonable attorney's fees.

### COUNT V
### Violations of the Texas Debt Collection Act
### Specifically, Violation of Tex. Fin. Code § 392.304(a)(8)

43. The Plaintiff repeats, realleges, and incorporates by reference the foregoing paragraphs.

44. Defendant Retriever and Defendant Lane violated the TDCA by providing an unsigned copy of a default judgment and representing that it was in fact the judgment that was signed.

45. Under Tex. Fin. Code Ann. § 392.403, the Defendant's violations of the TDCA render it liable to Plaintiff for statutory damages, actual damages, injunctive relief, declaratory relief, costs, and reasonable attorney's fees.

### COUNT VI
### Violations of the Texas Debt Collection Act
### Specifically, Violation of Tex. Fin. Code § 392.304(a)(19)

46. The Plaintiff repeats, realleges, and incorporates by reference the foregoing paragraphs.

47. All of the Defendants violated the TDCA by using false representations and deceptive means to collect a consumer debt.

48. Under Tex. Fin. Code Ann. § 392.403, the Defendants' violations of the TDCA render it liable to Plaintiff for statutory damages, actual damages, injunctive relief, declaratory relief, costs, and reasonable attorney's fees.

## COUNT VII
## Violations of the Texas Deceptive Trades Practices Act

49. The Plaintiff repeats, realleges and incorporates by reference the foregoing paragraphs.

50. Pursuant to Tex.Fin.Code Ann. § 392.404, the Defendants' violations of the TDCA also constitute a deceptive trade practice under Subchapter E, Chapter 17, Business & Commerce Code ("DTPA"), and is actionable under that subchapter.

51. Under Tex. Bus. & Com. Code Ann. § 17.50(b)(2), the Defendant's violations of the DTPA render them jointly and severally liable to Plaintiffs for injunctive relief, and reasonable attorney's fees.

## PRAYER FOR RELIEF

Plaintiff, Shirley Ware, prays that this Court:

1. Declare that Defendants' debt collections practices violated the FDCPA and TDCA;
2. Enjoin the Defendants' actions which violate the TDCA and the DTPA;
3. Enter judgment in favor of Plaintiff and against Defendants' for statutory damages, actual damages, punitive damages, costs, and reasonable attorney's fees as provided by 15 U.S.C. § 1692k(a) and/or Tex. Fin. Code Ann. § 392.403;

4. Grant such further relief as deemed just.

    Respectfully submitted,

    The Heston Law Firm, PC

    /s/ Daniel J. Ciment
    ―――――――――――――――――――
    James B. Heston
    Texas Bar No. 00787689
    Daniel J. Ciment
    Texas Bar No. 24042581
    800 W. Sam Houston Parkway N.
    Bldg 12, 3rd Floor
    Houston, TX 77024
    713-270-4833 – phone
    713-270-6773 – fax
    ATTORNEY'S FOR PLAINTIFF